PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SILVESTRE GERMAN-ANDUJAR,

        Plaintiff,

        v.

U.S. CUSTOMS AND BORDER
PROTECTION; UNKNOWN BORDER
PATROL AGENT,

        Defendants.
_____

**DECISION AND ORDER**

6:24-CV-06190 EAW

## INTRODUCTION

*Pro se* plaintiff Silvestre German-Andujar ("Plaintiff"), filed a complaint and amended complaint seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Dkt. 1; Dkt. 4). His claims arise from the alleged use of excessive force by border patrol agents during the execution of a search on January 4, 2024. (Dkt. 4 at 5). He alleges violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and he requests compensatory damages. (*Id.* at 4, 5). Plaintiff also has filed a motion for leave to proceed *in forma pauperis* and a motion to appoint counsel. (Dkt. 2; Dkt. 6).

For the reasons that follow, Plaintiff's application to proceed *in forma pauperis* (Dkt. 2) is granted, his motion to appoint counsel (Dkt. 6) is denied as moot, and the amended complaint (Dkt. 4) is dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim without leave to amend.

- 1 -

**DISCUSSION**

Because Plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed *in forma pauperis*, and the Court must screen the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).[1]

## I. LEGAL STANDARDS

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The Court shall dismiss a complaint filed by an individual proceeding *in forma pauperis* if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In evaluating a complaint, a court must accept all factual allegations as true and must draw all inferences in a plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific

---

[1] "The Court screens Plaintiff's Amended Complaint instead of his original Complaint because '[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.'" *Sathue v. Mir Vest Inc.*, No. 18-CV-548-FPG, 2018 WL 10741681, at *1 n.1 (W.D.N.Y. Nov. 13, 2018) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).

facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II. PLAINTIFF'S ALLEGATIONS

On January 4, 2024, Plaintiff attempted to flee "during a search that was unwarranted" in Ransomville, New York. (Dkt. 4 at 5).[2] An unnamed border patrol officer "tackled [and] beat" Plaintiff, causing him to sustain a "dislocated broken shoulder." (*Id.*).

---

[2] Although the amended complaint (Dkt. 4) is vague as to what was being searched, the complaint alleges that these events occurred during a traffic stop (Dkt. 1 at 5).

The agents then "intentionally ignore[ed] [his] injury [and] pain and suffering to question [him] . . . [without] a translator . . . [or] a lawyer." (*Id.*). Plaintiff alleges that the officials were attempting "to force an 'admission'" and "knew about" his broken shoulder. (*Id.*). They "denied [and] delayed treatment for hours knowingly [and] deliberately." (*Id.*).

Read liberally, Plaintiff's amended complaint can be construed to assert claims against U.S. Customs and Border Patrol employees for unlawful arrest, search and seizure, denial of medical treatment, and excessive force as well as violations of the Fifth and Sixth Amendments to the United States Constitution. Because U.S. Customs and Border Patrol is a federal agency, the Court construes the complaint under *Bivens*.³

## III. *BIVENS* CLAIMS

A *Bivens* action affords "the victims of a constitutional violation by a federal agent . . . a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). Notwithstanding its creation of the

---

³       *Bivens* claims may be brought against federal officers, not federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (holding that the respondent "had no *Bivens* cause of action for damages against FSLIC," a federal agency); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 77 (2001) (Stevens, J., dissenting). Therefore, Plaintiff's claims against U.S. Customs and Border Protection are dismissed for lack of subject matter jurisdiction. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("[T]o the extent that Robinson's claims constituted a *Bivens* action against AAFES[, a federal agency,] or the individual federal defendants in their official capacities, they were properly dismissed for want of subject matter jurisdiction." (citing *Meyer*, 510 U.S. at 485-86)).

remedy, "the Supreme Court has [repeatedly] warned that the *Bivens* remedy is an extraordinary thing that should rarely if ever be applied in 'new contexts.'" *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001)). Consequently, district courts must engage in a *Bivens* analysis before permitting any *Bivens* claim to proceed to trial, *Ziglar v. Abbasi*, 582 U.S. 120, 139-40 (2017), and reject a *Bivens* claim when: (1) the claim presents a new *Bivens* context, and (2) special factors counseling hesitation are present, *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020).

A case "presents a new *Bivens* context" when it is "meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (internal quotation marks and bracket omitted) (quoting *Ziglar*, 582 U.S. at 139-40). "*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 582 U.S. at 131. The plaintiff in *Bivens* asserted claims for unreasonable search and seizure under the Fourth Amendment. 403 U.S. at 389. The plaintiff in *Davis v. Passman* asserted a claim of employment discrimination under the Due Process Clause of the Fifth Amendment. 442 U.S. 228, 230-31 (1979). And *Carlson* asserted Eighth Amendment claims for inadequate medical treatment of a convicted prisoner. 446 U.S. at 16 n.1.

A "special factor . . . cause[s] a court to hesitate before" finding that "the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs

and benefits of allowing a damages action to proceed." *Ziglar*, 582 U.S. at 136. If there are any such factors, the Court must "reject the request" to extend a *Bivens* remedy. *Hernandez*, 589 U.S. at 102.

Applying the two-part inquiry, it is apparent that the Court cannot extend the *Bivens* remedy to Plaintiff's claims. Plaintiff's Fourth Amendment claim arose during a traffic stop and a "search that was unwarranted." (Dkt. 1 at 5; Dkt. 4 at 5). The context of Plaintiff's claim and the category of putative defendants clearly are "different in a meaningful way" from the context of, and the category of defendants in, the three *Bivens* actions the Supreme Court previously has recognized.

Though *Bivens* also recognized a cause of action under the Fourth Amendment, that is not dispositive; "[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez*, 589 U.S. at 103. Indeed, "[t]he Supreme Court has twice declined to extend *Bivens* to Fourth Amendment claims filed against border agents." *Morales v. United States*, No. 18-cv-4247(CBA)(RER), 2023 WL 2129580, at *9 (E.D.N.Y. Feb. 17, 2023) (citing *Egbert*, 596 U.S. at 494-98 (declining to create a Fourth Amendment excessive force claim or a First Amendment retaliation claim against a border patrol agent, and noting that a court was "plainly" not "competent to authorize a damages action . . . against Border Patrol agents generally")); *Hernandez*, 598 U.S. at 103-10 (declining to create a damages remedy for a Fourth Amendment excessive force claim against a border patrol agent)).

In light of *Hernandez* and *Boule*, allowing a *Bivens* claim to proceed against the individual border patrol agent or agents who allegedly were involved in Plaintiff's Fourth Amendment violation would run counter to the Supreme Court's precedents. *See Lovell v. Parker*, 618 F. Supp. 3d 127, 139 (E.D.N.Y. 2022) (finding that "[u]nder binding Supreme Court precedent" in *Boule* and *Hernandez*, the plaintiff "may not maintain a cause of action against the individual Defendants [individual Customs and Border Patrol] officers on duty at a border checkpoint within an international airport" pursuant to *Bivens*).

The same conclusion is warranted concerning Plaintiff's Fifth and Sixth Amendment claims under *Bivens*. Neither the Supreme Court nor the Second Circuit has recognized a Fifth Amendment *Bivens* claim outside of the employment context. *See Davis*, 442 U.S. at 248-49. Nor has the Supreme Court recognized a Sixth Amendment right to counsel claim under *Bivens*. *See Egbert*, 596 U.S. at 498 (noting that, under *Bivens*, "a new context arises when there is a new constitutional right at issue") (internal citations and quotation marks omitted); *see also Morales v. United States*, 18-cv-4247 (CBA) (RER), 2023 WL 2129580, at *10 (E.D.N.Y. Feb 17, 2023) (determining that a Sixth Amendment right to counsel claim presented a new context under *Bivens*).

Plaintiff also asserts violations of the Eighth Amendment because he was denied medical care. He contends that the border patrol agents were deliberately indifferent to his medical needs. (Dkt. 4 at 5). Because Plaintiff was not a prisoner at the time of the events, analysis under the Eighth Amendment is inappropriate, and Plaintiff's claims should be analyzed through the Due Process Clause of the Fifth Amendment. *See Cuoco*, 222 F.3d

at 106 (noting that a claim of deliberate indifference to a serious medical need by a federal pre-trial detainee arises under the Due Process Clause of the Fifth Amendment instead of the Eighth Amendment). The Supreme Court considered a Fifth Amendment due process claim for "deliberate indifference to prisoner abuse" in *Ziglar* but determined that the plaintiffs sought to expand *Bivens* to a new context, noting that "even a modest extension is still an extension." *Ziglar*, 582 U.S. at 146-47. Accordingly, Plaintiff's deliberate indifference claims sound in a new *Bivens* context and must be dismissed.

Plaintiff further asserts Fourteenth Amendment equal protection and due process claims. (Dkt. 4 at 4). Because he asserts his claims against federal employees, the Court construes them as arising under the Fifth Amendment. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n. 21 (1987) (whereas "[t]he Fourteenth Amendment applies to actions by a State", the Fifth Amendment applies "to the Federal Government and contains an equal protection component"); *Duncan v. I.N.S.*, No. 02 CIV. 300 (MBM), 2003 WL 255325, at *4 (S.D.N.Y. Feb. 5, 2003) ("Although the Fifth Amendment, unlike the Fourteenth, contains no language guaranteeing equal protection of the laws, 'there is a well-established equal protection component to the Fifth Amendment Due Process Clause applicable to the federal government.'" (quoting *Skelly v. INS*, 168 F.3d 88, 91 (2d Cir. 1999))). But Plaintiff's claims are "meaningfully different from the Fifth Amendment-based gender employment discrimination claims in *Davis*." *Grossman v. Von Blackensee*, No. 19-CV-9191 (NSR), 2025 WL 563931, at *1 (S.D.N.Y. Feb. 19, 2025).

Moreover, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, provides "just the sort of alternative remedial scheme that counsels against judicial expansion of *Bivens*."[4] *Edwards v. Gizzi*, 107 F.4th 81 (2d Cir. 2024) (summary order) (Park, J., concurring); *see also Dean v. Robinson*, 656 F. Supp. 3d 400, 412 (W.D.N.Y. 2023) ("the PLRA, the FTCA, and the difficulties of prison administration lead inexorably to the conclusion that it is Congress, and not this Court, that should determine whether a damages remedy is available under the circumstances presented here"); *Swinton v. Serdula*, No. 15-CV-47, 2022 WL 3701196, at *7 (W.D.N.Y. Aug. 26, 2022) (declining to extend *Bivens* to inadequate medical care claim in light of "the alternative means of relief, including a suit under the FTCA"); *Turkmen v. Ashcroft*, No. 02-CV-2307 (DLI) (SMG), 2018 WL 4026734, at *10 (E.D.N.Y. Aug. 13, 2018) (collecting cases that, since *Ziglar*, "have declined to permit *Bivens* claims to proceed because the FTCA provides an adequate alternative remedy"), *report and recommendation adopted*, No. 02-CV-02307 (DLI) (SMG), 2021 WL 4099495 (E.D.N.Y. Sept. 9, 2021).

---

[4] While Plaintiff could potentially attempt to pursue a claim under the FTCA, the Court has not construed the complaint as making such a claim because Plaintiff does not name the United States as defendant as required by 28 U.S.C. § 1346. There is also nothing in the record before the Court to suggest that Plaintiff exhausted his administrative remedies by presenting his claim to the appropriate federal agency as required by 28 U.S.C. § 2675(a). This requirement "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). In other words, Plaintiff would need to pursue any potential FTCA claim before the appropriate federal agency before it could be asserted in a federal district court.

In sum, there can be no *Bivens* remedy in the circumstances presented in this case. The context here is different from those limited circumstances where the Supreme Court has previously implied a cause of action under the Constitution. And, as "in most every case," there is at least one rational reason to defer to Congress as to the availability of a damages remedy. *Egbert*, 596 U.S. at 491-92 ("'Even a single sound reason to defer to Congress' is enough to require a court to refrain from creating . . . a [*Bivens*] remedy." (quoting *Nestle USA, Inc. v. Doe*, 593 U.S. 628, 635 (2021))). Accordingly, Plaintiff's claims are not cognizable under *Bivens*, and this case must be dismissed for failure to state a claim. The dismissal is without leave to amend because these deficiencies in Plaintiff's claims cannot be cured with better pleading.

## IV.   MOTION TO APPOINT COUNSEL

Although there is no constitutional right to appointed counsel in civil cases, under 28 U.S.C. § 1915(e), the Court in its discretion may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (identifying the factors to be considered in appointing counsel) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). Because Plaintiff's amended complaint is dismissed, his motion to appoint counsel is denied as moot.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is granted; and it is further

ORDERED that Plaintiff's motion to appoint counsel (Dkt. 6) is denied as moot; and it is further

ORDERED that Plaintiff's amended complaint (Dkt. 4) is dismissed without leave to amend under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The Clerk of Court is directed to close this case; and it is further

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and leave to appeal to the United States Court of Appeals for the Second Circuit as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the Second Circuit, in accordance with Federal Rule of Appellate Procedure 24.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   April 14, 2025
         Rochester, NY